## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVIA AVILES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-11-2003 |
| | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand ("Motion") [Doc. # 6]
filed by Plaintiff Sylvia Aviles, to which Defendants filed a Response [Doc. # 10].
Having considered the full record and the applicable legal authorities, the Court
concludes that it may lack subject matter jurisdiction over this dispute and, therefore,
will allow Plaintiff an opportunity to file a binding Stipulation as described herein.

Federal jurisdiction is limited.  The party invoking this Court's removal
jurisdiction bears the burden of establishing federal jurisdiction.  *See Shearer v.
Southwest Serv. Life Ins. Co.,* 615 F.3d 276, 278 (5th Cir. 2008); *Manguno v.
Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  The removal
statute "is subject to strict construction because a defendant's use of that statute
deprives a state court of a case properly before it and thereby implicates important

federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

It is uncontested that complete diversity exists between Plaintiff and Defendants.  Plaintiff filed this lawsuit in Texas state court alleging that Defendants wrongfully foreclosed on her home.  Plaintiff stated in the state court Petition that the amount in controversy is $69,000.00.  *See* Original Petition, Exh. A to Notice of Removal [Doc. # 1], § VI.  Plaintiff, therefore, seeks remand on the ground that the amount in controversy is less than the jurisdictional $75,000.00 required by 28 U.S.C. § 1332.

Because there is no state law limiting Plaintiff's damages to the amount in the pleading, Plaintiff's complaint is not dispositive.  *DeAguilar v. Boeing*, 47 F.3d 1404, 1412-13 (5th Cir. 1995).  If Defendants can show that the amount in controversy actually exceeds the jurisdictional amount, Plaintiff must show that, as a matter of law, it is certain she will not be able to recover more than the amount prayed for in the state court Petition.  *Id.* at 1410.  Plaintiff can establish this by identifying a statute or filing a binding stipulation that limits her recovery.  *Manguno*, 276 F.3d at 724; *see also Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. Apr. 29, 2010).

Defendants have shown that the amount in controversy in this case could exceed $75,000.00.  Specifically, Defendants note that Plaintiff seeks title to real

property with a value of $69,924.00, plus monetary damages for economic injury, mental anguish, emotional distress, and attorney's fees.

Because Defendants have shown that the amount in controversy could exceed $75,000.00, Plaintiff must show that she is legally precluded from recovering $75,000.00 or more. Plaintiff has not identified any statute that limits her recovery to less than the jurisdictional amount of this court. Additionally, Plaintiff has not filed a binding stipulation limiting the scope of her recovery to less than $75,000.00.

In conclusion, Defendants have shown that the amount in controversy could exceed the jurisdictional amount. Plaintiff, however, should be given the opportunity to prove to a legal certainty that her recovery cannot exceed $75,000.00 by filing a binding stipulation limiting her recovery. Accordingly, it is hereby

**ORDERED** that Plaintiff may file by **July 28, 2011**, a binding stipulation – signed by Plaintiff personally – irrevocably stipulating that her total recovery in this case, including attorney's fees, cannot exceed $75,000.00. <u>If Plaintiff fails to file the stipulation by July 28, 2011, the Court will issue an order denying the Motion to Remand.</u> If Plaintiff files the stipulation by July 28, 2011, Defendants may file by **August 5, 2011**, any objections to the adequacy of the Stipulation.

SIGNED at Houston, Texas, this **18th** day of **July, 2011**.

Nancy F. Atlas
United States District Judge